

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GEORGE HAHN,

                Plaintiff,

    v.

DOMY ROOMS, INC. and RENTASY
RENTALS, INC.,

                Defendants.

---

07 Civ. 8013 (DAB)

**AMENDED COMPLAINT**

**JURY TRIAL
DEMANDED**



RECEIVED
OCT 2 4 2007
U.S.D.C. S.D.N.Y.
CASHIERS

       The Plaintiff, George Hahn ("Mr. Hahn"), by his attorneys, Latham & Watkins LLP, for his Complaint against the Defendants Domy Rooms, Inc. ("Domy Rooms") and Rentasy Rentals, Inc. ("Rentasy Rentals"), alleges as follows:

### NATURE OF THE ACTION AND PRELIMINARY STATEMENT

       1.     This is a civil action by George Hahn to enforce the federal Fair Housing Act, 42 U.S.C. § 3601 *et seq.* (the "FHA"), the New York State Human Rights Law, Executive Law § 290 *et seq.*, and the New York City Human Rights Law, Title 8 of the New York City Administrative Code § 8-101 *et seq.*, and redress discrimination on the basis of disability.

       2.     George Hahn is desperately seeking a new apartment in order to complete a course of medical treatment necessary to sustain his life. However, when Mr. Hahn called Domy Rooms and Rentasy Rentals in response to separate advertisements for rental housing, each Defendant refused to let him apply for an apartment because he is disabled. Mr. Hahn receives disability benefits, and for this reason, he was told, he did not qualify for any of the rooms the Defendants had available. Agents or employees of the Defendants explained to Mr. Hahn that the Defendants only rent to individuals who receive income from a current job,

1

and who can produce a pay stub. It was only later that Mr. Hahn realized that the two corporations share the same telephone number and are likely operated by the same individuals. Subsequent testing conducted by a fair housing organization confirmed that the policy of the Defendant Domy Rooms is to refuse to rent to individuals who receive income from disability benefits.

3.    Domy Rooms and Rentasy Rentals intentionally discriminated against Mr. Hahn by denying him the opportunity to apply for any rental apartments because he is disabled. By declining to waive the pay stub requirement in light of the source of Mr. Hahn's income, Domy Rooms and Rentasy Rentals also refused to provide a reasonable accommodation for Mr. Hahn's disability. Furthermore, the Defendants' policy to deny rental housing to individuals who receive disability income disproportionately harms disabled individuals.

4.    The Defendants' discrimination has caused Mr. Hahn incalculable damage. He suffers from end-stage emphysema and a serious pulmonary disease. As a result of the Defendants' actions, Mr. Hahn has been forced to continue living in housing that is life-threatening due to his extremely fragile health. He has been hospitalized several times since contacting the Defendants, and is in dire need of a safe place to live. He is therefore seeking injunctive relief as well as damages against the Defendants.

## JURISDICTION AND VENUE

5.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343, 28 U.S.C. § 2201 and 42 U.S.C. § 3613. This Court has supplemental jurisdiction over the New York state law and New York city law claims pursuant to 28 U.S.C. § 1367.

6.       Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the Defendants Domy Rooms, Inc. and Rentasy Rentals, Inc. reside in this District, the property that is the subject of the action is situated in this District, and the events giving rise to this complaint occurred in this District.

## THE PARTIES

7.       The Plaintiff George Hahn is a disabled individual who currently resides at 331 East 33rd Street in New York, New York.  In May 2007, Mr. Hahn attempted to rent an apartment in Manhattan through the Defendants Domy Rooms and Rentasy Rentals.

8.       The Defendant Domy Rooms is a business corporation registered with the New York State Department of State.  Upon information and belief, Domy Rooms maintains or has maintained offices at 3668 Broadway in New York, New York.  In May 2007, Domy Rooms discriminated against Mr. Hahn when he sought rental housing.

9.       The Defendant Rentasy Rentals is a business corporation registered with the New York State Department of State. Upon information and belief, Rentasy Rentals maintains offices at 3472 Broadway in New York, New York.  In May 2007, Rentasy Rentals discriminated against Mr. Hahn when he sought rental housing.

## FACTS

### Mr. Hahn's Disability and His Urgent Need for Rental Housing

10.       Mr. Hahn was a successful systems engineer in New York until 1993, when he was diagnosed with chronic depression and anxiety.  At that time, Mr. Hahn stopped working, and, based upon his mental health conditions, began receiving Social Security Disability ("SSD") benefits from the federal government.  Mr. Hahn currently receives $1,749 in SSD benefits per month.

11.     In addition to his mental health concerns, Mr. Hahn's physical health is deteriorating. He suffers from end-stage emphysema, a type of Chronic Obstructive Pulmonary Disease ("COPD") that intensifies over time. Mr. Hahn's doctors agree that, without proper treatment, he could die. Mr. Hahn's doctors also have diagnosed him with Macro-Bacterium Avian Intercellular Syndrome ("MAI"), also known as Lady Windermere's Syndrome, which is a pulmonary disease related to Tuberculosis.

12.     Mr. Hahn has great difficulty breathing and completing ordinary tasks. He must carry an oxygen tank with him at all times. Because he is unable to walk more than one block without having to stop and rest, his doctors have prescribed the use of a motorized wheelchair. Mr. Hahn can no longer climb stairs.

13.     Mr. Hahn has been hospitalized six times over the past two years for pneumonia and infections related to his emphysema. Two of those hospitalizations took place after May 2007.

14.     Treatment for Mr. Hahn's COPD and MAI is very costly. Although he receives Medicaid, he must pay $1,000 in deductible expenses each month to offset the cost of medical care.

15.     Unfortunately, Mr. Hahn's significant health care costs and limited income constrain his housing options. Except for a brief stint in a nursing home and hospitalizations, Mr. Hahn has lived in an apartment for several years with a roommate who is a chronic cigarette smoker.

16.    In November 2005, Mr. Hahn met with pulmonary specialists at the Columbia-Presbyterian Lung Transplant Program ("Lung Transplant Program"). They told him that he would probably qualify for a transplant based on need. However, they cautioned that dangerous living conditions might prevent Mr. Hahn from being placed on the recipient list. Prior to authorizing the transplant procedure, doctors must make sure that each patient has a safe long-term recovery environment.

17.    Sadly, concerns about Mr. Hahn's housing proved to be well-founded. Since 2005, Mr. Hahn has taken, and failed, several screening tests for receiving a lung transplant. In one test, his blood sample tested positive for nicotine, due to the second-hand smoke in his apartment. In another test taken in May of this year, he met every requirement delineated by the Lung Transplant Program except for the living arrangement rules.

18.    Mr. Hahn's doctors will continue to monitor his eligibility, and will initiate the screening process again as soon as he informs them that he has secured stable housing. They have reiterated, however, that until Mr. Hahn does so, he cannot receive a lung transplant.

19.    Because Mr. Hahn's current apartment is on the fourth floor of a building without an elevator, he is unable to use his wheelchair. He is effectively shut in, and would be unable to flee in the event of a fire. Mr. Hahn's roommate continues to smoke in the apartment. This housing situation endangers Mr. Hahn's life.

20.    Mr. Hahn has been searching for a safe, affordable place to live since 2005. While he has applied for public housing, upon information and belief, the waiting list for accessible units is very long, and Mr. Hahn could wait for several years before any become available. He is therefore additionally searching in the private market. However, Mr. Hahn has

had great difficulty finding a suitable apartment that he can afford.

## Mr. Hahn Searches for an Apartment by Calling Domy Rooms

21.    On or about May 27, 2007, Mr. Hahn found a Craig's List posting on the internet for rooms available to rent on a weekly basis. The posting advertised prices as low as $100–$125 per week, which Mr. Hahn could afford to pay. It was listed under the name Domy Rooms, and included the phone number (212) 491-9843.

22.    Mr. Hahn called the listed number, and asked the woman who answered the phone whether Domy Rooms had any rooms available for rent. She said that Domy Rooms did have rooms available. Mr. Hahn then asked about the process for applying to rent a room. The woman listed the items Mr. Hahn would need to bring to Domy Rooms' offices, one of which was a pay stub, and made it clear that Domy Rooms wanted to rent to individuals who worked. When Mr. Hahn mentioned that he received federal SSD income because of his disability, the woman stated that she could not help Mr. Hahn, and hung up the phone.

23.    Upon information and belief, the individual who spoke to Mr. Hahn was an employee or agent of Domy Rooms.

## Mr. Hahn Searches for an Apartment by Calling Rentasy Rentals

24.    On or about May 29, 2007, Mr. Hahn saw another advertisement for rooms available for rent and called the listed phone number, (212) 491-9843. This advertisement did not specify which company was making the posting, and Mr. Hahn did not realize that the phone number listed was the same number that he had called on or about May 27, 2007.

25.    A woman answered the phone, and referred Mr. Hahn to a man after he stated that he was calling about the Craig's List advertisement. Mr. Hahn told this individual that he was interested in the rooms advertised for rent. The man told Mr. Hahn to bring a

6

picture identification, the first week's rent, a $50 application fee and a $100 agency fee to 3472 Broadway between 141st and 142nd Streets in New York.

26.    Upon information and belief Rentasy Rentals is the only weekly room rental service currently operating out of offices at 3472 Broadway in New York. Thus, upon information and belief the man was directing Mr. Hahn to the offices of Rentasy Rentals located at 3472 Broadway in New York.

27.    Mr. Hahn was also told that he would need to bring his pay stubs. Mr. Hahn replied that he did not have any pay stubs because he received SSD payments for his disability. The man told Mr. Hahn that they only rented apartments to individuals who received paychecks.

28.    Upon information and belief, the second individual who spoke to Mr. Hahn was an employee or agent of Rentasy Rentals.

**Fair Housing Justice Center Testers Inquire About Apartments Through Domy Rooms**

29.    On or about March 14, 2007, Mr. Hahn contacted the Fair Housing Justice Center ("FHJC"), a non-profit organization, in connection with his efforts to obtain adequate housing. As part of its activities, the FHJC challenges discrimination that restricts access to housing. To investigate allegations of unlawful conduct, the FHJC employs fair housing "testers," or individuals who, without the intent to rent an apartment, pose as renters for the purpose of collecting evidence of discrimination. In response to Mr. Hahn's complaint, the FHJC conducted a testing investigation of the housing practices of the Defendant Domy Rooms.

30.    On or about June 7, 2007, an adult female tester (the "First Tester") called the phone number for Domy Rooms to inquire about rental apartments. The First Tester

7

asked the woman who answered the phone if any rooms were available. She replied that there were, and described the areas of the city where the rooms were located. The First Tester then represented to the woman on the phone that she was inquiring on behalf of her father, who was disabled and received SSD benefits, and asked, "That wouldn't be a problem, would it?" The woman replied, "Yes – 'cause he's not working, right?" The First Tester stated that her father was not working, but asserted that he "does have a steady income." The woman responded, "Usually, these people, they want persons who [are] working," because they "don't want [the tenants] to be home all day . . . wasting electricity."

31.    The woman on the phone asked the First Tester to hold for a moment. When she came back, the First Tester asked the woman's name. She replied, "Judy, J-U-D-Y." Upon information and belief, Judy was an employee or agent of Domy Rooms. The First Tester also asked where the office for Domy Rooms was located. Judy stated that it was in the lower level of a building at 3668 Broadway, between 151st and 152nd Streets in New York.

32.    On or about June 8, 2007, an adult male tester (the "Second Tester") called the phone number for Domy Rooms to inquire about rental apartments. The Second Tester asked the woman who answered the phone if any rooms were available. The woman answered yes, advised that rents for available rooms ranged from $125–$150 per week, and explained where the rooms were located. The Second Tester asked what the woman's name was, and the response she gave sounded like "Judy."

33.    The Second Tester then asked about various features of the available rooms, as well as the application process for Domy, and the woman on the phone ("Judy") responded to each of his questions. She mentioned that the Second Tester would have to provide a weekly pay stub in order to apply for one of the rooms. The Second Tester also asked

where Domy's office was located. The woman stated that it was in the lower level of a building at 3668 Broadway, between 151st and 152nd Streets in New York.

34.    The Second Tester then disclosed that he received SSD benefits. He asked Judy, "Do you know what that is?" She responded, "What, SSI?" He replied, "SSD - disability." Judy said, "In that case, sir, I would not think I could help you." When asked why not, she stated, "Usually these people, they want persons who work, that don't stay a lot of time . . . don't use a lot of electricity."

35.    Judy further explained that applicants to Domy must provide the company name, address and phone number of their employers. The Second Tester reiterated that he had a verified income. Judy responded, "They don't care, 'cause you're still home." Preferred tenants, she continued, would be "leaving in the morning, coming back in the afternoon, [or] leaving in the afternoon, coming [home] at night . . . you know, persons who work." The Second Tester then stated, "OK . . . so I shouldn't even come up to see you?" She replied, "No . . . it's gonna be a waste of your time."

36.    Before hanging up, the Second Tester asked for Judy's last name, and she replied, "Martinez."

37.    Upon information and belief, both testers spoke with the same woman, who identified herself as Judy Martinez. Upon information and belief Judy Martinez is an employee or agent of Domy Rooms.

**Mr. Hahn's Lawsuit and the Affiliation Between Domy Rooms and Rentasy Rentals**

38.    The second advertisement Mr. Hahn saw for weekly room rentals did not list a business name. However, as alleged above, it is no coincidence that when he called the number listed, (212) 491-9843, he was directed to 3472 Broadway in New York, the address of Rentasy Rentals. Rather, it was Rentasy Rentals that posted the second advertisement, using

9

the same phone number as Domy Rooms. Thus, when the individual with whom Mr. Hahn spoke directed him to 3472 Broadway, that individual was referring to the Rentasy Rentals office—the only rental housing business with an office at that address. In fact, upon information and belief Domy Rooms and Rentasy Rentals are operated by some of the same individuals, and offer substantially identical weekly room rental services as parts of a single enterprise.

39.    Facts surrounding the commencement of the Plaintiff's lawsuit support this conclusion. In an effort to informally resolve the Plaintiff's claims without resorting to litigation, Mr. Hahn, through his counsel, sent a letter to Domy Rooms on August 27, 2007 demanding that Domy Rooms assist him in renting a room. The letter indicated that Mr. Hahn was prepared to take legal action to redress Domy Rooms' violation of federal and state fair housing laws. After Domy Rooms failed to respond to this letter, the Plaintiff commenced this action by filing a complaint against Domy Rooms (the "Complaint") on September 12, 2007.

40.    On September 13, 2007, the Plaintiff attempted to serve the Complaint on Domy Rooms at 3668 Broadway. However, the offices that had been occupied by Domy Rooms at the time of the inquiries made by Mr. Hahn and the fair housing testers were suddenly vacant.

41.    Upon information and belief some of the individuals who operated Domy Rooms are still engaged in the business of renting rooms out of the Rentasy Rentals office located at 3472 Broadway.

42.    Advertisements posted for Domy Rooms and Rentasy Rentals show that both Defendants provide substantially identical services. The first posting that Mr. Hahn saw for Domy Rooms offers rooms for rent in Manhattan and the Bronx for as low as $100–$125

per week. An advertisement for Rentasy Rentals recently obtained from Craig's List likewise offers rooms for rent in locations including Manhattan and the Bronx for $125 per week.

43.    Each of those postings also resembles a third advertisement obtained from Craig's List that, while not using the names "Rentasy" or "Domy," offers rooms for rent in locations including Manhattan and the Bronx for $125 per week, and lists 3472 Broadway as the contact address. This advertisement proclaims "$125" in large print at the top, which is a feature shared by both the Domy Rooms advertisement and the advertisement without a business name viewed by Mr. Hahn.

44.    Upon information and belief Rentasy Rentals is actively renting rooms. The website operated by Rentasy Rentals, http://www.rentasy.com/home.htm, includes a photograph of a storefront with a large sign that says "Rentasy." Under the caption "Our Brand new office in Manhattan," the text surrounding the photograph invites viewers to "Visit our recently opened office" located at 3472 Broadway. The page also has a notation at the top that reads "Updated 2007."

## COUNT I

Violation of Federal Fair Housing Act, 42 U.S.C. § 3601(f)(1): Refusal to Rent

45.    The Plaintiff repeats and realleges paragraphs 1 through 44 of this complaint as though fully set forth herein.

46.    Mr. Hahn is handicapped as that term is defined in the Fair Housing Act, 42 U.S.C. § 3602(h).

47.    The Defendants' conduct constitutes discrimination in the sale or rental of a dwelling, or a denial of a dwelling to a buyer or renter because of a handicap of that buyer or renter, in violation of the Fair Housing Act, 42 U.S.C. § 3604(f)(1)(A).

48.     The Defendants' conduct was intentional, willful, and made in disregard for the rights of others.

49.     Mr. Hahn is an aggrieved person as defined in 42 U.S.C. § 3602(i), has been injured by the Defendants' discriminatory conduct, and has suffered damages as a result.

50.     Accordingly, under 42 U.S.C. § 3613(c), the Plaintiff is entitled to actual damages, punitive damages, injunctive relief, and reasonable attorneys' fees and costs.

## COUNT II

Violation of Federal Fair Housing Act, 42 U.S.C. § 3601(f)(3): Failure to Provide Reasonable Accommodation

51.     The Plaintiff repeats and realleges paragraphs 1 through 50 of this complaint as though fully set forth herein.

52.     Mr. Hahn is handicapped as that term is defined in the Fair Housing Act, 42 U.S.C. § 3602(h).

53.     The Defendants' policy is to rent only to people who are employed. Because Mr. Hahn is not able to work due to his disability, he requested a reasonable accommodation by asking the Defendants to consider his SSD benefits the same as the equivalent amount of employment income.  The Defendants refused.

54.     The accommodation requested was reasonable and necessary to afford Mr. Hahn equal opportunity to housing available through the Defendants.

55.     The proposed accommodation would not have imposed an undue financial or administrative burden on the Defendants and did not require a fundamental alteration in the nature of the operations of the Defendants.

56.     The Defendants' conduct thus constitutes a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be

12

necessary to afford a handicapped person equal opportunity to use and enjoy a dwelling, 42 U.S.C. § 3604(f)(3)(B).

57.     Mr. Hahn is an aggrieved person as defined in 42 U.S.C. § 3602(i), has been injured by the Defendants' discriminatory conduct, and has suffered damages as a result.

58.     Accordingly, under 42 U.S.C. § 3613(c), the Plaintiff is entitled to actual damages, punitive damages, injunctive relief, and reasonable attorneys' fees and costs.

## COUNT III

### Violation of Federal Fair Housing Act, 42 U.S.C. § 3601(f)(1): Disparate Impact

59.     The Plaintiff repeats and realleges paragraphs 1 through 58 of this complaint as though fully set forth herein.

60.     Mr. Hahn is handicapped as that term is defined in the Fair Housing Act, 42 U.S.C. § 3602(h).

61.     The Defendants' stated policy of refusing to accept individuals receiving SSD benefits can only affect individuals who are disabled.  Additionally, the Defendants' broader policy of requiring that all renters receive paychecks from employers excludes a disproportionate number of disabled individuals.

62.     The Defendants' conduct thus results in discrimination against handicapped individuals, in violation of 42 U.S.C. § 3601(f)(1).

63.     Mr. Hahn is an aggrieved person as defined in 42 U.S.C. § 3602(i), has been injured by the Defendants' discriminatory conduct, and has suffered damages as a result.

64.     Accordingly, under 42 U.S.C. § 3613(c), the Plaintiff is entitled to actual damages, punitive damages, injunctive relief, and reasonable attorneys' fees and costs.

## COUNT IV

### New York State Human Rights Law

(N.Y. Executive Law § 290 et seq.)

65.      The Plaintiff repeats and realleges paragraphs 1 through 64 of this complaint as though fully set forth herein.

66.      The Plaintiff suffers from a disability as that term is defined in Article 15 of the New York Executive Law § 292(21).

67.      The Defendants' conduct constitutes a refusal to rent or lease, a denial of a housing accommodation, or the withholding of a housing accommodation, because of disability in violation of Article 15 of the New York Executive Law § 296(5)(a)(1).

68.      The Defendants' conduct constitutes an unlawful discriminatory practice by a real estate broker, real estate salesperson, or employee or agent thereof, by refusing to rent or lease a housing accommodation, refusing to negotiate for the rental or lease of a housing accommodation, or denying or withholding a housing accommodation on account of disability, in violation of Article 15 of the New York Executive Law § 296(5)(c)(1).

69.      The Defendants' conduct constitutes a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford a person with a disability equal opportunity to use and enjoy a dwelling, in violation of Article 15 of the New York Executive Law § 296(18)(2).

70.      The Defendants' conduct constitutes an unlawful discriminatory practice by a real estate broker, real estate salesperson, or employee or agent thereof, by representing that a housing accommodation is not available when it is in fact so available on account of disability, in violation of Article 15 of the New York Executive Law § 296(5)(c)(1).

71.      The Plaintiff has been injured by the Defendants' discriminatory conduct and has suffered damages as a result.

72.    The Defendants' conduct was intentional, willful, and made in disregard for the rights of others.

73.    Accordingly, the Plaintiff is entitled to actual damages, punitive damages, and injunctive relief pursuant to Article 15 of the New York Executive Law § 297(9).

## COUNT V

### New York City Human Rights Law
### (New York City Administrative Code § 8-101 et seq.)

74.    The Plaintiff repeats and realleges paragraphs 1 through 73 of this complaint as though fully set forth herein.

75.    The Plaintiff suffers from a disability as that term is defined in the New York City Administrative Code §8-102(16).

76.    The Defendants' conduct constitutes a refusal to rent or lease, or approve the rental or lease, or otherwise deny to or withhold from the Plaintiff a housing accommodation or an interest therein because of disability, in violation of the New York City Administrative Code §8-107(5)(a)(1).

77.    The Defendants' conduct constitutes an unlawful discriminatory practice by a real estate broker, real estate salesperson, or employee or agent thereof, by refusing to rent or lease a housing accommodation or an interest therein, or denying or withholding such an accommodation or interest therein to Plaintiffs because of disability, in violation of the New York City Administrative Code §8-107(5)(c)(1).

78.    The Defendants' conduct constitutes a refusal to make a reasonable accommodation to enable a person with a disability to enjoy the equal right to a housing accommodation, in violation of the New York City Administrative Code § 8-107(15)(a).

79.    Mr. Hahn is an aggrieved person, as defined in the New York City Administrative Code §8-502(a), and has suffered damages as a result of the Defendants' discriminatory conduct.

80.    The Defendants' conduct was intentional, willful, and made in disregard for the rights of others.

81.    Accordingly, pursuant to the New York City Administrative Code §8-502, the Plaintiff is entitled to actual damages, punitive damages, injunctive relief, and reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Hahn respectfully requests judgment against the Defendants as follows:

(a)    Declaring that the Defendants' discriminatory practices violate the Fair Housing Act, as amended, 42 U.S.C. §§ 3601 *et seq.*; the New York State Human Rights Law, New York Executive Law § 290 *et seq.*; and the New York City Human Rights Law, Title 8 of the New York City Administrative Code;

(b)    Enjoining the Defendants, the Defendants' agents, employees, and successors, and all other persons in active concert or participation from:

(i)    refusing to rent after the making of a bona fide offer, refusing to negotiate for the rental of, or otherwise making unavailable or denying housing to any person based on disability;

(ii)    representing to any person because of disability that housing is not available for lease or rental when such housing is in fact so available;

(iii)    failing or refusing to take affirmative steps necessary to restore, as nearly

as practicable, the victims of the Defendants' unlawful practices to the position they would have been in but for the discriminatory conduct;

(c)   Enjoining the Defendants from preventing Mr. Hahn from participating in Defendants' application process for rental housing, and from refusing to assist Mr. Hahn in awarding him the next available unit accessible to him given his disabilities.

(d)   Awarding such damages as will compensate Mr. Hahn fully for his loss of a housing opportunity and economic losses, as well the humiliation, embarrassment, emotional distress, inconvenience, and medical damages Mr. Hahn has suffered due to the Defendants' discriminatory conduct, pursuant to 42 U.S.C. § 3613(c), Article 15 of the New York Executive Law § 297(9), and the New York City Administrative Code §8-502;

(e)   Awarding punitive damages to Mr. Hahn pursuant to 42 U.S.C. § 3613(c), Article 15 of the New York Executive Law § 297(9), and the New York City Administrative Code  §8-502;

(f)   Awarding Mr. Hahn reasonable attorneys' fees, costs and expenses incurred in prosecuting this action pursuant to 42 U.S.C. § 3613(c), Article 15 of the New York Executive Law § 297(10) and the New York City Administrative Code  §8-502; and

(g)   Granting Mr. Hahn such other further relief as may be just and proper.

## JURY DEMAND

The Plaintiff hereby demands a trial on the merits by jury pursuant to Fed. R. Civ. P. 38.

Dated: October 24, 2007
New York, New York

LATHAM & WATKINS LLP

By: _____

Kurt M. Rogers (KR-4004)
Jason A. Kolbe (JK-3857)
Nathanael Yale (NY-5899)
885 Third Avenue, Suite 1000
New York, New York 10022
Telephone: (212) 906-1200
Facsimile: (212) 751-4864

Attorneys for George Hahn

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GEORGE HAHN,<br><br>     Plaintiff,<br><br>  v.<br><br>DOMY ROOMS, INC. and RENTASY<br>RENTALS INCORPORATED,<br><br>     Defendants. | 07 Civ. 8013 (DAB)<br><br>**CERTIFICATE OF SERVICE** |

I, Jessica Bengels, hereby certify that on October 24, 2007, a true and correct copy of the

Amended Complaint, dated 10/24/07, in the above captioned proceeding, was caused to be

served in accordance with the Federal Rules of Civil Procedure, via First Class U.S. Mail upon:

> Domy Rooms, Inc.
> 1668 Broadway
> New York, NY 10031

An additional copy of the Amended Complaint will be caused to be served upon the Secretary of

State for the State of New York, registered agent for Domy Rooms, Inc.

Dated: New York, New York
October 24, 2007

        LATHAM & WATKINS LLP

        By: _Jessica Bengels_
          Jessica Bengels (JB-2290)

        885 Third Avenue, Suite 1000
        New York, New York 10022-4802
        Tel: (212) 906-1200
        Fax: (212) 751-4864

        *Attorneys for Plaintiff George Hahn*

NY\1338096.1