UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x

GEORGE HAHN,                                    :

                        Plaintiff,             :         **MEMORANDUM**

            -against-                          :         **DECISION AND ORDER**

DOMY ROOMS, INC. and RENTASY             :         07 Civ. 8013 (FM)
RENTALS, INC.,
                                               :

                        Defendants.           
---------------------------------------------------------x

**FRANK MAAS,** United States Magistrate Judge.

I.      Introduction

        In this action, plaintiff George Hahn ("Hahn") alleges that the defendants

violated the federal Fair Housing Act, 42 U.S.C. § 3601, et seq., and New York law by

declining to accept his housing application simply because he supports himself through

disability benefits rather than earned income.  Hahn filed his initial complaint against

Domy Rooms, Inc. ("Domy") on September 12, 2007, and amended it on October 24,

2007 ("FAC"), to add defendant Rentasy Rentals, Inc. ("Rentasy").  After Rentasy

appeared, Rentasy and Hahn consented to my exercise of jurisdiction over this matter for

all purposes pursuant to 28 U.S.C. § 636(c).  (See Docket No. 13).  This, however, was

ineffective because Domy had not consented or appeared.

Hahn now seeks to file a second amended complaint ("SAC") to remove Domy so that the case can remain before me.  Hahn also seeks to add certain factual allegations.  Rentasy opposes Hahn's application and requests leave to file a motion to dismiss the FAC.  For the reasons set forth below, Hahn's application is granted; Rentasy's application is denied.

II.     Background

     A.     Plaintiff's Allegations

Hahn is a former engineer who suffers from mental health problems, emphysema, and pulmonary disease.  (FAC ¶¶ 4, 10-11).  Because these conditions prevent him from maintaining gainful employment, he receives Social Security disability benefits.  (Id. ¶¶ 2, 10).

Rentasy is an apartment information vendor incorporated in New York with its principal place of business in Manhattan.  (Id. ¶ 9).  Domy was an affiliated vendor with offices in Manhattan.  (Id. ¶¶ 2, 8).  Although Domy is no longer in business, the individuals who owned and operated Domy now operate Rentasy.  (Id. ¶¶ 2, 38-44).

In May 2007, Hahn contacted Domy to apply for a rental apartment.  (Id. ¶¶ 21-22).  Domy refused to allow Hahn to apply, explaining that it only rents to individuals who can produce a pay stub and therefore would not consider someone, such as Hahn, whose sole source of income was derived from disability benefits.  (Id. ¶¶ 2, 22).

2

Hahn consequently was forced to remain in a fourth-floor walk-up apartment in a living

situation which was detrimental to his health.  (See id. ¶¶ 4, 12, 15, 19).

       B.     Proposed SAC

On June 16, 2008, I held a telephone conference with counsel for Hahn and

Rentasy.  As noted previously, Domy had not appeared and did not participate.  During

the conference, Hahn's counsel informed the Court that Domy had ceased to operate.  For

that reason, I suggested that Hahn drop Domy as a defendant so that the consent to

proceed before me signed by counsel for Hahn and Rentasy could be given effect.

Consistent with this suggestion, the proposed SAC names only Rentasy as a

defendant.  The proposed SAC also adds the following factual allegations to those made

in the FAC:

On July 3, 2007, Hahn visited Rentasy's office in person.  (SAC ¶¶ 2-3, 27-

28).  Although he did not then realize it, the Rentasy office was the same office Hahn had

contacted by telephone in May 2007 when he sought to rent an apartment through Domy.

(Id. ¶¶ 29, 31).  Hahn met with a Rentasy agent who informed him that Rentasy would not

rent an apartment to him because he received disability benefits as his sole source of

income.  The agent suggested that Hahn look instead for housing in the Bronx.  Despite

this advice, Hahn filled out an application, which Rentasy refused to accept.  (Id. ¶ 30).

Since he was denied housing in May 2007, Hahn has been hospitalized three times. (Id. ¶¶ 5, 13). He no longer lives in the walk-up apartment and recently has completed an application and interview for public housing. He is living with a friend until he learns the outcome of that application. (Id. ¶ 19).

III.    Discussion

A.    Motion to Amend

Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend its complaint after a responsive pleading has been served only by leave of the court, but that "the court should freely give leave when justice so requires." As the Supreme Court has observed:

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should . . . be 'freely given.'

Foman v. Davis, 371 U.S. 178, 182 (1962). Indeed, an "[o]utright refusal to grant the leave without any justifying reason for the denial is an abuse of discretion." Jin v. Metro. Life Ins. Co., 310 F.3d 84, 101 (2d Cir. 2002).

Rentasy objects to Hahn's added factual allegations on two grounds: (a) because the need to answer the SAC will allegedly require Rentasy to expend another $2,500 to $5,000 in attorney's fees; and (b) because the new allegations relate to facts

4

discovered through settlement discussions. (See letter from George M. Gilmer, Esq., to the Court, dated Aug. 1, 2008 ("Gilmer Letter")). Neither argument withstands scrutiny.

First, Rentasy has failed to demonstrate that the proposed amendments would cause undue prejudice. To determine prejudice, a court must consider whether the amendment would: "([a]) require the opponent to expend <u>significant</u> additional resources to conduct discovery and prepare for trial; ([b]) significantly delay the resolution of the dispute; or ([c]) prevent the plaintiff from bringing a timely action in another jurisdiction." <u>Block v. First Blood Assocs.</u>, 988 F.2d 344, 350 (2d Cir. 1993) (emphasis added). In this case, the proposed SAC does not add any new claims. Rather, Hahn simply seeks to supplement his pleadings by adding facts about his health, current living situation, and face-to-face meeting with a Rentasy agent on July 3, 2007. Since the first two subjects relate to facts which are unlikely to be within Rentasy's knowledge, as a practical matter the only new allegations that Rentasy will need to investigate in order to answer the SAC relate to the meeting on July 3, 2007. During that meeting, the Rentasy agent is alleged to have told Hahn substantially the same information as he was given when he contacted Domy in May 2007, <u>i.e.</u>, that Rentasy would not rent to him because his only source of income was disability benefits. (SAC ¶ 30). Thus, notwithstanding counsel's protest, the burden on Rentasy would be minimal. <u>See</u> <u>Bridgeport Music, Inc.</u> <u>v. Universal Music Group, Inc.</u>, 248 F.R.D. 408, 414 (S.D.N.Y. 2008) (allowing

amendment adding a party where the "claims against [it] are virtually identical to those

against the other defendants").

       Furthermore, at this juncture, the parties have only exchanged initial

disclosures.  (See Gilmer Letter ¶ 1).  Any additional discovery that the SAC might

necessitate would consequently be minimal.  Indeed, even if the proposed amendments

would require Rentasy to expend significant additional time and money, this alone would

not be a sufficient basis for precluding Hahn from amending the FAC.  See Block, 988

F.2d at 351 (plaintiffs' allegations that they were "prejudiced solely because of the time,

effort and money they expended . . . [did] not arise to the 'substantial prejudice' . . . or

even the lesser prejudice" contemplated by the Second Circuit's Rule 15(a)

jurisprudence); Bridgeport Music, 248 F.R.D. at 414 ("Allegations that an amendment

will require the expenditure of some additional time, effort, or money do not constitute

undue prejudice.") (quoting Randolp-Rand Corp. of N.Y. v. Tidy Handbags, Inc., No. 96

Civ. 1829 (DF), 2001 WL 1286989, at *4 (S.D.N.Y. Oct. 24, 2001)); accord

ResQNET.Com, Inc. v. Lansa, Inc., 382 F. Supp. 2d 424, 451 (S.D.N.Y. 2005); A.V. by

Versace, Inc. v. Gianni Versace, S.p.A., 87 F. Supp. 2d 281, 299 (S.D.N.Y. 2000).

       There also is no basis for Rentasy's claim that Hahn has acted in bad faith

by seeking to amend the FAC using "information [he] obtained during settlement

negotiations."  (Gilmer Letter ¶ 3).  Contrary to this assertion, Hahn's counsel states that

he learned the facts that Hahn seeks to add to the SAC from Hahn himself.  (See letter from Nathaniel B. Yale, Esq., to the Court, dated July 30, 2008, at 1) ("[W]e sought amendment upon learning of pertinent information from our client.").  There is no reason to doubt this since the additions proposed by Hahn relate to his own visit to the Rentasy office and his own current living situation – facts which plainly are within his knowledge. See, e.g., Yankelevitz v. Cornell Univ., No. 95 Civ. 4593 (PKL), 1997 WL 115651, at *5-6 (S.D.N.Y. Mar. 14, 1997) (granting leave to amend where the parties "sharply dispute[d] whether the alleged statements and conduct occurred in conversations that in fact constitute settlement discussions"); N.Y.S. Ass'n of Career Schs., Inc. v. State Educ. Dep't of N.Y., 142 F.R.D. 403, 405-06 (S.D.N.Y. 1992) (rejecting defendant's bad faith contention because "[i]t generally is not prudent . . . for a court to make procedural and substantive dispositions based on settlement between the parties").

            Finally, I note that the proposed new allegations relate to Hahn's prior claim that Rentasy unlawfully denied his rental application.  Having been put on notice of this claim in the FAC, Rentasy can scarcely claim to have been blindsided.  See Bridgeport Music, 248 F.R.D. at 415 ("[F]ederal courts have consistently granted motions to amend where . . . new facts and allegations were developed during discovery, are closely related to the original claim, and are foreshadowed in earlier pleadings.") (citation and internal quotation marks omitted).

B.    <u>Motion to Dismiss</u>

      In reviewing any motion to dismiss the FAC for failure to state a claim, the Court would be required to accept as true all factual allegations made by Hahn and draw all reasonable inferences in his favor. <u>See</u> <u>Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit</u>, 507 U.S. 163, 164 (1993); <u>Bolt Elec., Inc. v. City of N.Y.</u>, 53 F.3d 465, 469 (2d Cir. 1995). The theory of Rentasy's proposed motion to dismiss is that Hahn never submitted an application to Rentasy and therefore could not have been refused any services. (<u>See</u> letter from George M. Gilmer, Esq., to the Court, dated Aug. 5, 2008, ¶ 4). Since Hahn is being allowed to amend the FAC, the question is whether the SAC could survive a motion to dismiss. The proposed SAC states that Hahn "filled out an application at Rentasy, but it was never taken by the Rentasy employee or agent." (SAC ¶ 30). It is a fair inference from this allegation that Rentasy refused Hahn's application. Rentasy therefore cannot prevail on its motion to dismiss. Accordingly, leave to file that motion is denied without prejudice to the filing of a motion for summary judgment at the close of discovery.

IV.    <u>Conclusion</u>

      For the foregoing reasons, Hahn's application for leave to amend is granted, and Rentasy's application to file a motion to dismiss is denied. Hahn is directed to serve and file his SAC within five business days. Additionally, the parties are directed to complete fact discovery by October 20, 2008. Thereafter, the Court will hold a telephone

conference on October 21, 2008, at 10 a.m.  Hahn's counsel is directed to initiate that

conference by calling Chambers at (212) 805-6727.

        SO ORDERED.

Dated:      New York, New York
           August 18, 2008

                                       _____
                                       FRANK MAAS
                           United States Magistrate Judge

Copies to:

Nathanael B. Yale, Esq./Casey L. Hinkle, Esq./William R. Pearson, Esq.
Latham & Watkins LLP
Fax:  (212) 751-4864

George M. Gilmer, Esq.
Fax:  (718) 788-1611